In re Gregory J. CARLSON, and Kathy L. Carlson, Debtors.

Bankruptcy No. 93–30932.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 11, 1995.

Stephen Theis, Eden Prairie, MN, for debtors.

J.J. Mickelson, Minneapolis, MN, for trustee.

## ORDER

DENNIS D. O'BRIEN, Chief Judge.

This matter was heard November 14, 1994, on motion by Debtors Gregory J. Carlson and Kathy L. Carlson for an order finding Ramsey County Community Human Services in contempt for violation of the 11 U.S.C. § 362 stay. Appearances were noted on the record. The Court, having reviewed the pleadings and briefs, heard arguments, and otherwise being fully advised in the matter, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

On June 27, 1991, a Ramsey County juvenile court entered an order pursuant to Minn.Stat. Chapter 260 placing the Carlsons' minor child in a residential treatment facility. The child resided at the facility from July 5, 1991, through June 17, 1992. Pursuant to Minn.Stat. § 260.251, the juvenile court's order of June 27, 1991, required Ramsey County Support and Collections Department to conduct a financial investigation, and to report back to the court for the purpose of establishing the Carlsons' responsibility for reimbursing Ramsey County for the costs of the examination, care and treatment of the child.

Minn.Stat. § 260.251, subds. 3(b) and 3(c), provide a two-tiered system to establish responsibility for reimbursement of public costs incurred in connection with remedial orders issued under the statute. The County must first look to the income and resources of the child, including social security benefits, supplemental security income (SSI) benefits, tax returns benefits, railroad retirement benefits,

and child support. *See:* Minn.Stat. § 260.251, subd. 3(b).

If the child's resources are insufficient to reimburse the County, Minn.Stat. § 260.251, subd. 3(c), provides that the court must order the parents to contribute to the cost of examination, care or treatment of the child. The amount of contribution is established by application of a fee schedule established by the County's welfare board, and is based on a formula designed to determine ability to pay. Only the income of parental members of the child's family who are legally obligated to support the child, are included in the calculation of contribution under the statute.

The Carlsons filed for relief under 11 U.S.C. Chapter 13 on February 26, 1993, before any further proceedings were conducted in the juvenile court in connection with the financial investigation. A Chapter 13 plan was confirmed on May 14, 1993, and a modified plan was later confirmed on April 18, 1994. Ramsey County was not listed as a creditor by the Debtors in their schedules, and no provision was made for payment of the County in the Debtors' plan. Ramsey County has not filed a claim in the estate. The record is not clear regarding when the County learned of the Debtors' bankruptcy filing.

In August 1994, Ramsey County advised the Carlsons that a hearing had been scheduled before the juvenile court for October 21, 1994, to determine their contributions for reimbursement of the costs of the child's earlier care and treatment, based on the completed investigation. Ramsey County indicated that it would recommend to the court that the Carlsons be ordered to reimburse the County at a rate of $343.00 per month for the period from July 5, 1991, through June 12, 1992, or approximately 11 months. The total reimbursement sought was to be $3,773.00.

In late October, 1994, the Debtors filed this motion, requesting: an order finding the actions of Ramsey County in violation of the 11 U.S.C. § 362 stay; and, an order that Ramsey County's claim should constitute a sixth class claim as defined in the Debtors' modified Chapter 13 plan.[1] The County does not object to the proposed treatment of the claim under the modified plan.

However, the County responded to the Debtors' motion by arguing that its claim is nondischargeable under 11 U.S.C. § 523(a)(5). The parties agree that the issue of nondischargeability should be decided, and that no prejudice would result to either party if it be determined in the context of this proceeding.[2] The question has been fully briefed, and the issue is decided here as if it were a summary judgment motion in an adversary proceeding. *See* Fed.R.Bkty.Proc. 9014. Also addressed are questions concerning the alleged violation of the 11 U.S.C. § 362 stay, and the liquidation of Ramsey County's claim.

## II.

### A. *Dischargeability.*

11 U.S.C. § 523(a)(5) excepts from discharge, debts:

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Gov-

---

**1.** The sixth class in the modified plan is reserved for late filed claims. Sixth class claims will not likely receive any distribution, since they would be paid only after allowed timely filed claims have been paid in full.

**2.** Ramsey County has indicated that it might not wish to seek further proceedings in juvenile court

or elsewhere, to liquidate its claim if the debt is dischargeable, since it has little chance of receiving a distribution under Debtors' modified plan. Debtors wish to have dischargeability determined without the cost of an adversary proceeding, which they cannot afford.

ernment or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

The Debtors argue that the obligation to the County is dischargeable because it is not owed to the minor child; and, because it is not otherwise for the child's support. They cite *In re Antikainen*, 48 B.R. 630 (Bankr. Minn.1985). Neither argument is persuasive.

In *Antikainen*, the debtor had been obligated, under a Ramsey County juvenile court consent order, to turn over her child's full share of social security survivor benefits to the County, which had assumed temporary care and custody of the child. The social security benefits were payable by reason of the death of the child's father. The debtor failed to turn over a number of the payments. Ramsey County later sued the debtor in bankruptcy to have the resulting debt determined nondischargeable under 11 U.S.C. § 523(a)(5). In ruling for the debtor, the Court wrongly concluded that a debt must be payable directly to a spouse or child to be nondischargeable under the statute. The error resulted from treatment of the terms "owing" and "payable" as if they are synonymous.[3]

Clearly, the terms are not synonymous. When *Antikainen* was decided, it was al-ready well established in the Eighth Circuit that obligations can be payable to third persons and still be nondischargeable debts owing to a spouse or child under 11 U.S.C. § 523(a)(5). *See: In re Williams*, 703 F.2d 1055 (1983). Furthermore, such has long been recognized as the law in the Federal District of Minnesota. *See: In re Anderson*, 62 B.R. 448 (Bankr.Minn.1986).

■ Accordingly, *Antikainen* is not good law to the extent that it stands for the proposition that only debts which are payable directly to spouses and children, can be nondischargeable under 11 U.S.C. § 523(a)(5).[4] The Debtors cannot avoid nondischargeability of their debt to Ramsey County by that argument.

■ They cannot avoid nondischargeability by their second argument either. The Debtors claim that Minn.Stat. § 260.251, Subd. 1(b), which requires the contribution, does not involve a support obligation within the meaning of 11 U.S.C. § 523(a)(5). The statute provides:

(b) The court shall order, and the local social services agency shall require, the parents or custodian of a child, while the child is under the age of 18, to use the total income and resources attributable to the child for the period of care, examination, or treatment, except for clothing and personal needs allowance as provided in section 256B.35, to reimburse the county for the cost of care, examination, or treatment.

---

**3.** The Court, in *Antikainen*, quoted the following excerpt from the legislative history of the statute:

[11 U.S.C. § 523(a)(5)] excepts from discharge debts to a spouse, former spouse, or child of the debtor ... This language ... will apply to make nondischargeable only alimony, maintenance or support owed directly to a spouse or dependent. H.REP. No. 595 95th Cong. 1st Sess. 363, 364 (1977). S.REP. No. 989 95th Cong.2d Sess. 79, reprinted in 1978 U.S.CODE CONG. & AD.NEWS 5787, 5865, 6320. *In re Antikainen*, 48 B.R. 630, 632 (Bankr.Minn. 1985).

The Court went on to observe that case law in the Federal District of Minnesota was consistent with the stated legislative history, citing *In re Daiker*, 5 B.R. 348 (Bankr.Minn.1980), as holding that, unless a debt is payable directly to the spouse or child, it is not excepted from discharge under the statute. That is what *Daiker* held, but the holding had been effectively overruled by the

Eighth Circuit Court of Appeals at the time that *Antikainen* was decided. *See: In re Williams*, 703 F.2d 1055 (1983).

**4.** The entire opinion in *Antikainen* is poorly reasoned and inarticulate. There was a substantial basis to conclude that the debt to Ramsey County was not child support in that case, but it was not explained in the decision. In *Antikainen*, the debtor had not been ordered in the juvenile court proceeding to contribute to the support of the child. She had been ordered to turn over funds that already belonged to the child, social security survivor benefits, which were to be used by the County to defray costs during its assumption of temporary custody and care. Furthermore, the County did not claim that the debtor failed to use the targeted funds for the benefit of the child. In fact, the debtor claimed that the money was used to make mortgage payments on the family home, where the child was expected to reside upon return of custody to the debtor.

Income and resources attributable to the child include, but are not limited to, social security benefits, supplemental security income (SSI), veterans benefits, railroad retirement benefits and child support. When the child is over the age of 18, and continues to receive care, examination, or treatment, the court shall order, and the local social services agency shall require, reimbursement from the child for the cost of care, examination, or treatment from the income and resources attributable to the child less the clothing and personal needs allowance.

The County can seek reimbursement from parents only if the child's resources are insufficient to reimburse the county in full. Minn.Stat. § 260.251, Subd. 1(c), provides:

(c) If the income and resources attributable to the child are not enough to reimburse the county for the full cost of the care, examination, or treatment, the court shall inquire into the ability of the parents to support the child and, after giving the parents a reasonable opportunity to be heard, the court shall order, and the local social services agency shall require, the parents to contribute to the cost of care, examination, or treatment of the child. Except in delinquency cases where the victim is a member of the child's immediate family, when determining the amount to be contributed by the parents, the court shall use a fee schedule based upon ability to pay that is established by the local social services agency and approved by the commissioner of human services. In delinquency cases where the victim is a member of the child's immediate family, the court shall use the fee schedule, but may also take into account the seriousness of the offense and any expenses which the parents have incurred as a result of the offense. The income of a stepparent who has not adopted a child shall be excluded in calculating the parental contribution under this section.

The Debtors argue that, if the purpose of the statute be to provide for the support of the child, the law would not require that the child's income and property first be taken before parents are obligated to contribute. They conclude that, since the statutory scheme requires the County to first seek reimbursement from the child's resources, the secondary obligation of parents is not based on a duty of support.

The Debtors do not explain on what basis, other than a duty of support, parents could be required under the statute to contribute to the cost of care. No other basis is apparent. The obligation is, in fact, based on the legal duty of parents to financially support their children. The nature of the obligation as support is not changed simply because the child's independent resources are also subject to contribution; or, because the child's resources have priority for reimbursement under the statute. Whether the parental obligation is primary or secondary, it remains a support obligation.

Therefore, the Debtors' statutory obligation to contribute to the care of their minor child, under a remedial order issued by the county juvenile court pursuant to Minn. Stat. Chapter 260, is an obligation for support that is nondischargeable under 11 U.S.C. § 523(a)(5).

B. *Violation of The Automatic Stay.*

The Debtors argue that Ramsey County violated the 11 U.S.C. § 362 stay by setting the hearing to determine their contribution amount for the care of their child, pursuant to the prepetition remedial order of the juvenile court. The County does not claim that its action was protected by any of the exceptions to the stay enumerated in 11 U.S.C. § 362(b), as the statute existed at filing of the bankruptcy case. The County argues, however, that 11 U.S.C. § 362(b)(1), as amended by the Bankruptcy Reform Act of 1994 (BRA 1994), protected the County's action. The statute now provides:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

(2) under subsection (a) of this section—

(A) *of the commencement or continuation of an action or proceeding for—*

(i) *the establishment of paternity; or*

(ii) the establishment or modification of an order for alimony, maintenance, or support; or

(B) of the collection of alimony, maintenance, or support from property that is not property of the estate; (emphasis added)

The emphasized portion of the statute was added by the BRA 1994.

■■■■ A juvenile court proceeding to establish a support obligation, pursuant to Minn.Stat. Chapter 260, is excepted from the 11 U.S.C. § 362 stay, as the statute now reads. However, the amendments made by the 1994 Act apply only to cases filed after its effective date. The effective date was October 22, 1994. See: BRA 1994, § 702(b). Accordingly, the amendments do not apply. The conduct of the County, in seeking to establish an order for support against the Debtors from the juvenile court, violated the 11 U.S.C. § 362 stay, as it applies to this case.

### C. Liquidation of The County's Claim.

The Debtors have not requested any specific relief, other than a finding that Ramsey County's action violated the stay. The County has requested only that the Court find that its debt is nondischargeable; and, that the County's conduct in seeking to establish the amount of the contribution did not violate the stay.

■■■■ Under the law applicable to the case, the 11 U.S.C. § 362 stay presently prohibits the County from liquidating its claim in another judicial forum. It might be appropriate for this Court to abstain from liquidation of the County's claim; and, to grant the County relief from the 11 U.S.C. § 362 stay, for the purpose of establishing an amount of statutory contribution due from the Debtors under Minn.Stat. Chapter 260, in the juvenile court. See: 28 U.S.C. § 1334(c). Consideration of the matter, however, should be on notice and hearing; and, in the context of a motion for abstention and relief from stay.

### III.

Based on the forgoing, it is hereby **ORDERED:**

1. The Debtors' obligation to Ramsey County, arising under Minn.Stat. Chapter 260, for the care of their minor child pursuant to a remedial order of the Ramsey County juvenile court, is nondischargeable under 11 U.S.C. §§ 1328(a) and 523(a)(5);

2. Ramsey County's continuing prosecution of a state court proceeding, during pendency of the Debtors' bankruptcy case, to determine a prepetition obligation of the Debtors to the County under Minn.Stat. Chapter 260, violated the 11 U.S.C. § 362 stay.

**LET JUDGMENT BE ENTERED ACCORDINGLY,** on paragraph 1 above.