In the Matter of Donald George Elroy McDONALD, Debtor.

Donald George Elroy McDONALD, Plaintiff,

v.

Diane K. McDONALD; Nebraska State Department of Public Welfare; Director of Nebraska State Department of Public Welfare, Defendants.

Bankruptcy No. BK80–2266.
Adv. No. A80–493.

United States Bankruptcy Court,
D. Nebraska.

June 27, 1983.

Roberta S. Stick, Civ. Clinical Law Program, Lincoln, Neb., for plaintiff.

Royce N. Harper, Lincoln, Neb., for defendants.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

The matter before the Court is a complaint to determine the dischargeability of a debt in a Chapter 7 proceeding. The debt in question arose pursuant to a 1968 decree of dissolution of marriage between the parties, Donald G. McDonald, debtor in this action, and Diane K. McDonald, defendant. Under the terms of the dissolution decree, Mr. McDonald was to make payments for the support of his minor children in the amount of $80.00 per month. On June 3, 1976, the former Mrs. McDonald assigned her rights to receive child support to the co-defendant Nebraska State Department of Public Welfare. The assignment was officially filed with the Clerk of the District Court for Lancaster County more than a year later. In 1980, Mr. McDonald was found guilty of contempt for failure to make child support payments as ordered by the dissolution decree. Execution of the sentence was stayed until October 17, 1980. Due to the intervening filing of this Chapter 7 proceeding, stay of the execution of sentence continued.

It is the contention of the defendants that Diane McDonald assigned to the Department of Welfare only those rights to child support representing the amount paid to her by the Department. The plaintiff disagrees, arguing that the rights to all future child support payments have been

assigned. The plaintiff-debtor filed the instant adversary proceeding to determine the dischargeability of both the debt assigned to Nebraska State Department of Welfare and the dischargeability of the decree of contempt and sentence imposed by the Lancaster County District Court.

As submitted to the Court on brief of counsel, order on pretrial conference, and stipulation, the issues remaining to be determined are: first, whether a past-due child support obligation owing from the debtor to a non-debtor spouse that has been assigned to a third party is dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5); second, whether a future child support obligation owing from the debtor to his non-debtor former spouse that has been assigned to a third party is dischargeable; and third, whether the law to be applied in determining the dischargeability of the child support obligation shall be the law in effect on the date of the filing of the complaint or the law in effect at the time the decision on the complaint is rendered.

Taking the issues presented in inverse order, the first matter for consideration is the applicable law. On the date of filing this Chapter 7 petition, the law in effect read in pertinent part,

"... a discharge under § 727 ... of this title does not discharge an individual debtor from any debt ... to a spouse, former spouse, or child of the debtor ... for ... support of such ... child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that ... such debt is assigned to another entity, voluntarily, by operation of law, or otherwise."

On August 13, 1981, the section was amended to make nondischargeable debts assigned pursuant to Section 402(a)(26) of the Social Security Act, that section including assignments to state agencies in return for the assignor's receiving Aid for Dependent Children.

██ Two lines of cases have developed, the first holding that the law in effect on the date the dischargeability determination is made is the governing law, the second holding that the petition date fixes the rights of the parties to the bankruptcy proceedings. This Court has previously adopted the holding that in bankruptcy proceedings, the date of the filing of the petition for relief, not the date of filing an adversary complaint nor the date a decision is rendered, has been the cleavage date in defining the rights of the debtor and his creditors. By way of illustration, trustee's avoiding powers generally arise on the petition date as do debtors' rights to claim exempt property, and creditors' claims to assets as well are generally determined as of that point in time. See *In re Statmore*, 22 B.R. 37 (Bkrtcy.D.Neb.1982). Absent express statutory language or legislative history evincing an intent that the amendment be applied retroactively, the petition date is controlling. Neither the statute nor history suggests retroactive applicability of this statutory section. Further, a growing line of cases stands for the proposition that the Omnibus Budget Reconciliation Act of 1981, which contains the amendment to dischargeability previously cited, is prospective in nature and does not affect the rights of parties who filed their petitions prior to the August 13, 1981, effective date of the amendment. [*In re Morris*, 21 B.R. 816 (Bkrtcy.N.D.Iowa 1982); *In re Hazen*, 19 B.R. 545 (Bkrtcy.D. Idaho 1982); *In re Flamini*, 8 B.C.D. 1289, 19 B.R. 303 (Bkrtcy. E.D.Mich.1982); *In re Heldt*, 17 B.R. 519 (Bkrtcy.D.S.D.1982).] As this petition was filed prior to the August 13, 1981, amendment, the earlier statutory scheme is to be applied in this adversary proceeding.

██ Given the holding of this Court that the applicable law is that in effect on the date of filing the petition for relief, statutory language as to past-due child support assigned by the non-debtor to a third party is clear. Child support assigned to another entity, either voluntarily, by operation of law, or otherwise is dischargeable in bankruptcy proceedings to the extent of that assignment. Accordingly, the past-due child support obligations owed by the debtor to his former spouse and assigned by her

are dischargeable to the extent of the assignment.

 The final issue for determination by this Court is whether future child support obligations owing from the debtor to his spouse are similarly dischargeable. 11 U.S.C. § 502(b) provides that a claim shall be allowed in an amount determined by the court upon objection by a party in interest except to the extent that " . . . (6) the claim is for a debt that is unmatured on the date of the filing of the petition, and that is excepted from discharge under § 523(a)(5) of this title." A debt owing for future child support is by its very nature unmatured on the date of the filing of the petition, as that amount comes due on a month-to-month basis pursuant to the dissolution decree. It is, therefore, necessary to determine whether that claim would be excepted from discharge under § 523(a)(5) of the Bankruptcy Code. The threshold question which must be answered requires a factual determination of the extent of the assignment made by the former Ms. McDonald of her rights to receive child support. The original assignment, a copy of which has been supplied to this court, provides,

> "I, the undersigned, hereby assign and transfer all my rights, title and interest to the Nebraska State Department of Public Welfare for all child support payments presently accrued and for child support payments which represent child support obligations for the period I remain on A.D.C. I understand that this assignment includes my interest in all support payments which come due during the period of my receiving assistance whether paid before or after termination of assistance."

It would appear from the facts, then, that no assignment was made of the rights to future child support obligations beyond the amount received by the defendant Ms. McDonald under Aid for Dependent Children. That amount according to a Notice of Partial Termination of Assignment by the Nebraska Department of Public Welfare is $8,979.41. The document further provides that the debt owing the State of Nebraska

is the aforementioned amount or the amount of court-ordered arrearage, whichever is less. To the extent that the assignment was made in the instant case, that is, up to and including the amount paid under the AFDC program, $8,979.41 is dischargeable. The claim is, as of this date, matured to that extent and is under the foregoing ruling on applicable law not excepted from discharge under § 523(a)(5). When the assigned child support obligations accrued to that amount, the assignment was terminated. It is unnecessary for the court to make further determination regarding the dischargeability of child support over and above that amount. A separate order is entered in accordance with the foregoing.