**Harlan WERNER; Mary Werner, Appellants,**

v.

**Willis D. HOFMANN; Bonnie L. Hofmann, Appellees.**

**No. 93–2008ND.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 24, 1993.

Decided Sept. 30, 1993.

Daniel J. Chapman, Bismarck, ND, argued, for appellants.

Lawrence P. Kropp, Jamestown, ND, argued, for appellees.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

This dispute arises from a dairy cattle lease agreement between Harlan and Mary Werner and Willis D. and Bonnie L. Hofmann. When the Werners terminated the lease, the Hofmanns failed to return the correct number of cattle and the Werners sued the Hofmanns in North Dakota state court on theories of fraud, conversion, and breach of contract. The state court made no findings concerning fraud or conversion, but ruled in the Werners' favor on contract grounds and awarded a $33,247 judgment. The Hofmanns then filed a Chapter 7 bankruptcy petition and the Werners objected to discharge of the judgment debt on grounds of fraud, embezzlement, larceny, and willful and malicious injury. *See* 11 U.S.C. § 523(a)(4), (a)(6) (1988). The bankruptcy court held the debt was dischargeable, *Werner v. Hofmann (In re Hofmann)*, 144 B.R. 459 (Bankr.D.N.D.1992), and the district court affirmed. We agree with the district court that no error of fact or law appears in the bankruptcy court's decision.

·The statutory exceptions to discharge in bankruptcy are narrowly construed, and the creditor opposing discharge must prove the debt falls within an exception to discharge. *Belfry v. Cardozo (In re Belfry)*, 862 F.2d 661, 662 (8th Cir.1988). The Werners first invoke § 523(a)(4), which excepts from discharge a debt arising from the debtor's "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Finding the agreement between the Werners and the Hofmanns did not create a fiduciary relationship, the bankruptcy court correctly held that the fraud or defalcation exception ·did not apply. *See Barclays Am./Business Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 878–79 (8th Cir.1985) (to apply § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship). The embezzlement exception requires that the debtor improperly used the creditor's property before complying with some obligation to the creditor. *Belfry*, 862 F.2d at 663. Here, the lease agreement did not call for the Hofmanns to segregate or refrain from using the Werners' cattle. Also, the bankruptcy court's finding that the disagreement over the number of cattle to be returned to the Werners was due to "many years of inaccurate cattle herd counts and the lack of [an] independent herd inventory" is not clearly erroneous. Thus, the bankruptcy court properly ruled that the Hofmanns' noncompliance with the specific terms of the lease agreement was a dischargeable breach of contract, not a nondischargeable embezzlement. · *See id.* We also agree with the bankruptcy court that the larceny exception could not apply because the Hofmann's original possession of the cattle was lawful. *See, e.g., Rech v. Burgess (In re Burgess)*, 106 B.R. 612, 622 (Bankr.D.Neb. 1989).

The Werners also contend § 523(a)(6) prevents discharge of the judgment because the Hofmanns committed willful and malicious conversion of the Werners' cattle. The bankruptcy court's finding that the cattle count discrepancies resulted from carelessness and poor recordkeeping, instead of a deliberate attempt by the Hofmanns to deceive or cause the Werners financial harm,

is not clearly erroneous. Thus, § 523(a)(6) does not prevent discharge. *See Long*, 774 F.2d at 881.

Accordingly we affirm.