**In re Christine SPENCER, Debtor.**

**Bankruptcy No. 94–26994–A–7.**
**Adv. No. 94–2623.**

United States Bankruptcy Court,
E.D. California,
Sacramento Division.

April 24, 1995.

As Amended May 16, 1995.

264

Thomas R. Parker, Deputy County Counsel, Placerville, CA, for plaintiff County of El Dorado.

Kevin Bertonneau, South Lake Tahoe, CA, for debtor/defendant Christine Spencer.

## MEMORANDUM OF DECISION

DAVID E. RUSSELL, Chief Judge.

The County of El Dorado (hereinafter "Plaintiff") has objected to the discharge of a debt owed by Debtor Christine Spencer for support of her minor children while lodged in the county Juvenile Hall. During the hearing, the court determined that the matter should be treated as a motion for summary judgment. The matter was then taken under submission upon supplemental points and authorities filed by Debtor. For reasons set forth below, the court will grant summary judgment in favor of Debtor.

### I. BACKGROUND

Debtor was the responsible parent of two minor children who were adjudged wards of the juvenile court of El Dorado County and thereafter lodged in juvenile hall. Pursuant to Cal.Welf. & Inst.Code § 903,[1] the juvenile court ordered Debtor to reimburse Plaintiff for the cost of care and support of the minors incurred while they were lodged in Juvenile Hall. The juvenile court ordered that such reimbursement was to be made to the county Probation Department.

On September 1, 1994, Debtor filed a petition for bankruptcy under Chapter 7.[2] Debtor's Schedule F filed with her petition lists the County of El Dorado as holding several

---

1. Cal.Welf. & Inst.Code § 903(a) provides:
   The father, mother, spouse, or other person liable for the support of a minor, the estate of that person, and the estate of the minor, shall be liable for the reasonable costs of support of the minor while the minor is placed, or detained in, or committed to, any institution or other place pursuant to section 625 or pursuant to an order of the juvenile court. . . .

2. Because this case was commenced prior to the October 22, 1994, the 1994 amendments to Title 11 of the United States Code do not apply to this case.

unsecured nonpriority claims. The first claim, in the amount of $1,702.32, describes the consideration for the debt as "juvenile hall support for daughters" and the date the debt was incurred as December 1992. There are two other claims to the County incurred in December 1992 in which the consideration is described as "attorney fees for daughter," in the amounts of $30 and $45 respectively.

## II. STANDARDS OF LAW

A bankruptcy court may grant summary judgment upon its own motion or upon motion of a plaintiff or defendant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Bankr.P. 7056. Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A motion for summary judgment enables the court to "pierce" the pleadings by examining the depositions, answers to interrogatories, admissions on file, and affidavits, and compels the opponent to affirmatively come forward with sufficient evidence to establish a genuine issue for trial. *See* Fed.R.Civ.P. 56(c); William Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, ¶ 14:4 (1994). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (cites omitted).

## III. DISCUSSION

### A. *Timeliness of Complaint*

Debtor argues that Plaintiff's complaint to determine dischargeability was filed beyond the limitations period and thus is time-barred. Bankruptcy Code § 523(c) and Federal Rule of Bankruptcy Procedure 4007 establish the periods of limitations for filing complaints to determine dischargeability. Complaints to determine the dischargeability of debts excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6) must be filed "not more than 60 days following the first date set for the meeting of creditors" held pursuant to 11 U.S.C. § 341(a). Fed.R.Bankr.P. 4007(c). All other complaints to determine dischargeability may be filed at any time. Fed.R.Bankr.P. 4007(b). In the instant case, Plaintiff bases its complaint on § 523(a)(5), not § 523(a)(2), (4), or (6). As such, Plaintiff's complaint filed on November 30, 1994, was not untimely.[3]

### B. *Dischargeability of Debt*

Generally, bankruptcy discharges the debts of an individual debtor under Chapter 7. 11 U.S.C. § 727(a), (b). However, there are some exceptions to discharge under the Bankruptcy Code. 11 U.S.C. § 523. Exceptions to discharge are confined to those "plainly expressed" in the Bankruptcy Code, *In re Norman*, 25 B.R. 545, 547 (Bankr.S.D.Cal.1982), and narrowly construed in favor of the debtor. *In re Klapp*, 706 F.2d 998, 999 (9th Cir.1983).

Section 523(a)(5) excepts from discharge any debt

to a spouse, former spouse, or **child of the debtor,** for ... **support** of such spouse or child, in connection with a separation agreement, divorce decree, **or other order of a court of record,** determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity ... (other than ... such debt which has been **assigned** to the Federal Government or to a State or any political subdivision of such State).

---

3. Fed.R.Bankr.P. 4004 governs the limitations period for filing a complaint objecting to the *discharge of a debtor.* This must be distinguished from complaints to determine the *dischargeability of particular debts,* governed by Fed.R.Bankr.P. 4007. The caption of Plaintiff's complaint reads: "Complaint Objecting to Discharge of Debtor and to Determine the Dischargeability of Debt"; however, the language in the complaint indicates that Plaintiff is merely objecting to the discharge of a particular debt under § 523(a)(5), not to the discharge of Debtor.

11 U.S.C. § 523(a)(5) (emphasis added). Whether a debt related to a minor child is nondischargeable under § 523(a)(5) requires a two-pronged analysis. First, is the obligation a "debt to the child" or validly assigned by the child to a government entity? And, second, is the obligation in the nature of "support?"

■ Under the first prong of the § 523(a)(5) dischargeability analysis, the court must determine whether the obligation is **owed** to the child or otherwise validly assigned to a government entity. An assignment to a non-government entity constitutes third-party debt, which is dischargeable. 11 U.S.C. § 523(a)(5)(A).

Plaintiff contends that the debt to reimburse the county for the support of Debtor's minor children as wards of the juvenile court constitutes nondischargeable court-ordered support under 11 U.S.C. § 523(a)(5). Debtor argues that the debt was neither owed to debtor's children nor assigned by the children, and, therefore, it is not excepted from discharge under § 523(a)(5).

Legislative history indicates that the discharge exception under § 523(a)(5) applies only to support obligations **owed directly** to a spouse or child. H.R.Rep. No. 595, 95th Cong., 2nd Sess. 364 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6320; S.Rep. No. 989, 95th Cong., 2nd Sess. 77–79 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5862–5865. However, some courts have held that obligations in the nature of support need not be **payable** directly to the spouse, former spouse or child nor assigned by them to fall within the exception to discharge under § 523(a)(5). In *In re Carlson,* the Minnesota bankruptcy court considered whether debts

owed for the care of the debtors' minor child as a ward of the juvenile court were dischargeable. 176 B.R. 890 (Bankr.D.Minn. 1995). In that case, the debtors' obligation arose under Minn.Stat. § 260.251, which required that "public costs" incurred in connection with the county's care of a minor child be reimbursed by parents or the minor child. The debtors maintained that because the debt was not **owed to** the child it was dischargeable. The court disagreed, making a distinction between the terms "owing" and "payable." The court held that "obligations can be **payable** to third persons and still be nondischargeable debts **owing** to a spouse or child under 11 U.S.C. § 523(a)(5)." *Id.* at 893 (relying on *In re Williams,* 703 F.2d 1055 (8th Cir.1983))[4] (emphasis added). The *Carlson* court apparently recognized that under § 523(a)(5), a debt must be **owed** to a child but held that a support debt need not be **payable** directly to the child to be nondischargeable.[5] However, in finding that the debt was nondischargeable, the *Carlson* court implicitly suggests that the debt in question, although **payable** to the county, was nonetheless **owed** to the child.

In *In re Canganelli,* 132 B.R. 369 (Bankr. N.D.Ind.1991), the debtor was ordered by the juvenile court, pursuant to Ind.Code 31–6–4–18, to reimburse the county for expenses incurred while the debtor's daughter was a ward of the state. The Western District Court of Indiana found that a debt owed for the costs of "wardship"—that is, the care and support of a debtor's minor children in custody of the court—is nondischargeable under § 523(a)(5). *Id.* at 395. However, the *Canganelli* court ignored the issue of dischargeability of debts not directly owed to the child.[6] The *Canganelli* court reasoned that a

---

4. The Eighth Circuit Court of Appeals in *In re Williams,* 703 F.2d 1055 (8th Cir.1983), which involved a debt to a former spouse arising from a divorce decree, did not specifically address the issue of dischargeability of support debts owed to third parties.

5. In reaching its conclusion, the *Carlson* court disagreed with another Minnesota Bankruptcy Court case, *In re Antikainen,* 48 B.R. 630 (Bankr. D.Minn.1985), to the extent that "it stands for the proposition that only debts which are *payable* directly to spouses and children can be nondis-

chargeable under 11 U.S.C. § 523(a)(5)." *Carlson,* 176 B.R. at 893.

6. The *Canganelli* court found that determining whether the costs of wardship are nondischargeable under § 523(a)(5) hinged on resolution of two issues. 132 B.R. at 388. First, did Congress intend to include juvenile court orders "within the purview of § 523(a)(5)"—i.e., is a juvenile court order for support covered by the § 523(a)(5) exception to discharge? *Id.* And, second, does the Juvenile Court order to reimburse the County for the wardship costs of a

juvenile court order for support of the debtor's children as wards of the court fit within the term "other order of court of record" under the plain meaning of § 523(a)(5). *Id.* at 389–90 (citing *Lake Cty. Dep't of Public Welfare v. Burton*, [132 B.R. 575] (Bankr. N.D.Ind.1988)). The *Canganelli* court further reasoned that in determining whether a support obligation is nondischargeable under § 523(a)(5),

> [t]he principal focus of the inquiry is whether the debt is substantively in the nature of a **legal** support obligation.... The fact that the county is to be reimbursed for monies expended in fulfilling the debtor's support obligation, rather than the child being named the direct payee, does not alter the essence of the debt.

*Id.* at 394.

Although persuasive, this court finds such analyses untenable because they circumvent the plain language and legislative intent of § 523(a)(5). The statutes under which the *Carlson* and *Canganelli* obligations arose required the parents to reimburse the county for the cost of care of the minor child. While the obligations may have been in the nature of "support," reimbursement clearly was not **owed** to the child; reimbursement was **owed,** not just **payable,** to the county.

In *In re Erfourth*, 126 B.R. 736 (Bankr. W.D.Mich.1991), the court found that costs incurred for the care of debtor's minor son while a ward of the court were dischargeable. In that case, the debtors' minor son was adjudged a ward of the juvenile court and the court ordered the debtors to reimburse the county court for over $14,000 in costs incurred in connection with the minor's wardship, including foster care in a group home. The debtors did not dispute that the obligation was in the nature of support and that, absent bankruptcy, they would be responsible for the debt. However, debtors argued that the debt was dischargeable because it was not owed to nor assigned by the dependent child. The court agreed, noting that juvenile court-ordered support to be paid to the county is not support owed directly to the child as required by § 523(a)(5). *Id.* at 740–41. Without a valid assignment to the coun-

ty, a debt not owed directly to the child is merely "third party debt" and thus is dischargeable. *Id.* The court concluded, "[w]hile such a result may seem inequitable given the state's support of [the debtor's minor child], the strictures of § 523(a)(5) and state law dictate such a result. If such debts are to be nondischargeable, either Congress or the Michigan legislature, and not this court, must act." *Id.* at 741.

While this court knows of no factually similar cases within the Ninth Circuit, the issue of whether a nondischargeable debt under § 523(a)(5) must be **owed** directly to a spouse, former spouse or child has been addressed. The Ninth Circuit Bankruptcy Appellate Panel observed that "[u]nder a literal application of § 523(a)(5), to be nondischargeable a debt must be **owed specifically to** the 'spouse, former spouse, or child.' " *In re Linn*, 38 B.R. 762, 763 (9th Cir. BAP 1984) (emphasis added). In that case, the debtor sought discharge of obligations owed to his son's psychiatrist and attorney, both appointed by the state court during custody litigation. The panel found that the debt was in the nature of support, but refused to find the debts nondischargeable because they were not owed to the child or former spouse as required by § 523(a)(5). *Id.* The panel reasoned, "there is no specific exception to discharge that covers the instant debts and no legislative history or purpose that supports extending the present exceptions." *Id.*

■ This court adopts the reasoning set forth in *Linn* and *Erfourth*. Unless the debt for support is owed directly to a debtor's spouse, former spouse or child in connection with a separation agreement, divorce decree, or court order or assigned to a government entity, it is dischargeable. 11 U.S.C. § 523(a)(5). The court recognizes the policy conflict inherent in this rule; obligations that arise from being a parent should arguably override the policy of giving debtors a "fresh start." However, this rule is consistent with the "plainly expressed" language of § 523(a)(5) and its legislative history which did not intend to make all support obligations dischargeable. It is not for this court to

debtor's minor child "constitute support within                the meaning of § 523(a)(5)?" *Id.*

"legislate" expansions to the nondischargeability provisions of § 523(a). If bankruptcy courts are to except from discharge those debts **arising from** support of a debtor's children, rather than merely those debts **owed directly** to the debtor's children, then Congress must amend the Bankruptcy Code to expand the language of § 523(a)(5).

In the absence of language directing the courts to except from discharge all debts arising from support of debtor's minor children, the court must follow the plain language of the statute and the legislative intent which limits the § 523(a)(5) exception to those debts owed directly to a debtor's children for support by court order, divorce decree or separation agreement. In the instant matter, the reimbursement for wardship costs as ordered by the El Dorado County Juvenile Court pursuant to Cal.Welf. & Inst. Code § 903 was owed and payable directly to the El Dorado County Probation Department, not directly to the Debtor's minor children. The obligation did not arise by assignment from Debtor's minor children to the County. Therefore, although it arises from the support of Debtor's minor children, the obligation does not fall within the exception to discharge under 11 U.S.C. § 523(a)(5).

Because the court finds that the debt owed to El Dorado County is not excepted from discharge and Defendant is entitled to judgment as a matter of law, there is no genuine issue for trial. Therefore, the court must grant summary judgment in favor of Defendant. An appropriate judgment will be entered.