**In the Matter of Adib Nasif SAAFIR, Debtor.**

**Adib Nasif SAAFIR, Plaintiff,**

v.

**KANSAS DEPARTMENT OF SOCIAL SERVICES, Defendant.**

**Bankruptcy No. BK94–40527. Adv. No. A94–4077.**

United States Bankruptcy Court, D. Nebraska.

Feb. 7, 1996.

Rebekah Phelps–Davis, Topeka Area SRS Office, Topeka, KS, for defendant Kansas Department of Social Services.

Kevin Ruser, Civil Clinical Law Program, University of Nebraska, College of Law, Lincoln, NE, for plaintiff/debtor Adib Nasif Saafir.

Richard Butler, Trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In this adversary proceeding Plaintiff, a Chapter 7 debtor, seeks summary judgment that his child support related obligation to the defendant, Kansas Department of Social and Rehabilitation Services ("Kansas DSRS" or "the agency") is not excepted from discharge under 11 U.S.C. § 523(a)(5)(A). I conclude that the claim of Kansas DSRS does not fall within section 523(a)(5), and is dischargeable by entry of a discharge order in this case.

### FINDINGS OF FACT

Debtor seeks to discharge an obligation to reimburse Kansas DSRS for assistance extended by the State to debtor's child while a ward of the State. The debtor's child was placed in foster care by Kansas DSRS between March, 1991, and August, 1992. Later, the agency asserted a claim against the debtor in Kansas state court under Kansas Statutes Annotated ("K.S.A.") § 39–718b(a), which provides that a parent is liable to repay Kansas DSRS for any assistance it expends on behalf of a child. On September 23, 1993, a judgment was entered in Shaw-

nee, Kansas, District Court against debtor in the amount of $2,700.00, in favor of Kansas DSRS. In this adversary proceeding, Kansas DSRS asserts that its $2,700.00 judgment is excepted from discharge under Bankruptcy Code § 523(a)(5).

It is important to note that this $2,700.00 obligation is an obligation debtor owes directly to Kansas DSRS. There has never been a determination made in connection with a separation agreement, divorce decree, or other court order, that debtor owes child support payments directly to his child or former spouse. Indeed, there is no underlying divorce decree or separation agreement providing for child support. Nor is there any court order or determination by any governmental unit or by any court that debtor is obligated to pay child support to his child or to his former spouse.

## LAW

■ Summary judgment is properly granted when the court determines that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R.BANKR.P. 7056(c) (1995). In making these determinations, the court must view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–90, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); *Kegel v. Runnels*, 793 F.2d 924, 926 (8th Cir.1986). When a motion for summary judgment is made and supported as provided in Bankruptcy Rule 7056, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. FED.R.BANKR.P. 7056(e) (1995).

## DISCUSSION

■ A discharge order in bankruptcy discharges the debtor from personal liability on all dischargeable debts. 11 U.S.C. § 727(a), (b). The debts excepted from discharge are set forth in Bankruptcy Code § 523. Exceptions to discharge are confined

to those "plainly expressed" in the Bankruptcy Code, *In re Spencer*, 182 B.R. 263 (Bankr. E.D.Cal.1995); and these exceptions are narrowly construed in favor of the debtor. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir.1993); 3 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 523.05A (15th Ed.1995) (citations omitted). Thus, a creditor opposing discharge of a debt must prove that the debt falls within an exception to discharge. *Werner*, at 1172.

*Kansas DSRS Claim Under State Law.*

■ The claim of Kansas DSRS arises out of the debtor's statutory obligation to reimburse the State for costs of supporting the debtor's child while a ward of the State foster care program. Kansas DSRS obtained a judgment in 1993 for this obligation under K.S.A. § 39–718b (1994). Paragraph 1 of the agency's 1993 judgment in Shawnee County District Court against debtor states:

1. That this action is brought under the authority of K.S.A. § 39–718b.

The relevant portion of K.S.A. § 39–718b provides that:

[A] child's parent, parents, or guardian shall be liable to repay to the secretary of social and rehabilitation services any assistance expended on the child's behalf.... The secretary shall have the power and authority to file a civil action in the name of the secretary for repayment of the assistance, regardless of the existence of any other action involving the support of the child.

KAN.STAT.ANN. § 39–718b(a) (1994). Debtor's liability to Kansas DSRS arises from this statutory obligation to reimburse the State. The obligation owed the Kansas DSRS runs directly from the parent to the Kansas DSRS.

There is no evidence of record to support the assertion by Kansas DSRS, that its judgment arises from an assignment to the State of a child support obligation under K.S.A. § 39–709(h). Section 39–709(h) states that there is an automatic statutory assignment to the State of "all past, present and future support rights of the child in custody pos-

sessed by either parent or other person entitled to receive support payments for the child." Although Kansas DSRS could have proceeded under section 39–709(h) to obtain a state court support order and collect under the statutory assignment, it elected not to do so, and instead proceeded with a reimbursement action under section 39–718b(a). These statutory provisions are separate and distinct. Under section 39–718b(a), the State has a right to be reimbursed for "assistance expended." This measure of liability is not necessarily the same amount of liability that would exist under section 39–709(h), wherein the State's rights are derivative and depend upon the right of the child for support under Kansas law. I express no view on whether the State of Kansas can still bring an action under section 39–709(h). See 11 U.S.C. §§ 362, 524.

*Section 523(a)(5)(A).*

In relevant part, Bankruptcy Code § 523(a)(5)(A) provides that a discharge order under section 727 does not discharge an individual debtor from any debt—

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>> (A) such debt is assigned to another entity, voluntarily, or by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
>> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

§ 523(a)(5)(A).

Under section 523(a)(5), nondischargeability of a debt for child support is predicated upon satisfaction of three conditions:

1. The debt must actually be in the nature of a child support obligation;

2. The debt must, in first instance, be a obligation to a spouse, former spouse, or child, and

3. The debt must be held and asserted by a spouse, former spouse, or child of the debtor, or the debt must be held by a governmental unit.

If an obligation is to a child, section 523(a)(5)(B) makes explicit that the debt is discharged unless the "liability is actually in the nature of . . . maintenance or support." Similarly, the fact that an obligation is in the nature of child support does not result in the debt's exception from discharge unless either the obligation is to a spouse, former spouse, or child, under section 523(a)(5), or "such debt," namely a debt to a spouse, former spouse, or child, is to a governmental assignee under section 523(a)(5)(A).

Debtor's obligation is in the nature of child support. It is debatable whether the debt sought to be excepted from discharge was, in first instance, a debt or obligation to debtor's spouse, former spouse, or child. It is, of course, clear that parents are obligated to support their minor children. That, however, is not the question before this court. The legal issue is whether this particular $2,700.00 obligation represents a debt to a spouse, former spouse or child, and it does not. The judgment is in favor of the Kansas DSRS under its statutory right to reimbursement. The judgment was entered under K.S.A. § 39–718b. The fact that Kansas could have asserted a claim under K.S.A. § 39–709(h) on behalf of the child, is not controlling. I conclude that the second condition of Bankruptcy Code § 523(a)(5) is not met because the debt sought to be excepted from discharge is not a debt, in first instance, to a spouse, former spouse, or child.

The third condition of section 523(a)(5) is also not met because Kansas DSRS, a governmental unit, does not assert a debt which it holds by virtue of an assignment. Kansas DSRS held a claim in its own right under K.S.A. § 39–718b, which it reduced to judgment. No assignment took place.

The decisional law under section 523(a)(5), as enacted in the Bankruptcy Reform Act of 1978, and the resulting amendments to that law in 1980, support my interpretation of this section. As originally enacted, section 523(a)(5), provided an exception for child support obligations, but the exception to discharge was not applicable when that claim was held by a third party by virtue of an assignment or otherwise. The decisional law under section 523(a)(5), as originally enacted, is clear that when a bona fide child support obligation was assigned, even to a governmental agency, it was not excepted from discharge. See *In re Glidden*, 653 F.2d 85 (2d Cir.1981) (Bankruptcy Code provision permitting discharge of child support obligations assigned to state held constitutional); *In re McDonald*, 31 B.R. 79 (Bankr.D.Neb. 1983) (past-due and future child support obligations owed by debtor to his former spouse and assigned by her to State Department of Public Welfare were dischargeable to extent of assignment); and *In re Lovett*, 6 B.R. 270, 272 (Bankr.D.Utah 1980) (If support obligation is assigned to the state, then the debt is dischargeable under 11 U.S.C. § 523(a)(5)(A)).

A logical corollary of that decisional law is that an obligation in the nature of child support asserted by a person or entity other than the child, spouse, or former spouse, whether by assignment or otherwise, was not excepted from discharge. Section 525(a)(5) was amended in 1980. The legislative history respecting that amendment indicates that the discharge exception for support obligations assigned to governmental units, was intended to change the prior law only under the limited circumstances where a valid obligation owed to a spouse or child is assigned to a governmental unit. *See* H.R.Rep. No. 208, 97th Cong. 1st Sess. 986 (1980); S.Rep. No. 139, 97th Cong. 1st Sess. 523 (1980) ("a child support obligation assigned to a State as a condition of AFDC eligibility should not be subject to [discharge]"); H.R.Rep. No. 595, 95th Cong. 2nd Sess. 364 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6319–6320. Because exceptions to discharge are to be narrowly construed, I conclude it is improper to extend the exception in section 523(a)(5) to the Kansas DSRS obligation. There is no

evidence that debts owing directly to governmental units for reimbursement were intended to be excepted from discharge under this section. And, Kansas DSRS does not hold a claim by assignment.

Kansas DSRS stresses that the debt is in the nature of child support, and should not be dischargeable simply because the debt is owed directly to the State. Kansas cites *In re Carlson*, 176 B.R. 890 (Bankr.D.Minn. 1995); *In re Williams*, 703 F.2d 1055 (8th Cir.1983); and *In re Kline*, 65 F.3d 749 (8th Cir.1995).

In *Williams*, the Eighth Circuit Court of Appeals concluded that amounts ordered to be paid by a Chapter 7 debtor to a third party may constitute nondischargeable alimony. *Williams*, 703 F.2d at 1058. In that case, the obligation of the debtor to pay attorney fees of a former spouse was held to be excepted from discharge as alimony. The Eighth Circuit thus concluded that the obligation was to the former spouse within the meaning of section 523 although the debt was payable to a third party. This case is distinguishable on the facts, because the *Williams* obligation was the result of a judicially established support liability. Payment of the attorney fees of the ex-spouse was an element of the support award. The nature of the support obligation did not change because the attorney fees were payable directly to the attorney instead of through the ex-spouse. There was no assignment to a third party. In contrast to the claim in this case, the *Williams* obligation was a support obligation to the spouse, "in connection with a divorce decree," as required by section 523(a)(5). There simply was no support decree in this case. Hence, the Kansas DSRS claim fails to meet the requirements of section 523(a)(5), as there was no support decree and no assignment of a support obligation to the State. Rather, the claim was for direct reimbursement of the State's child assistance expenditures. Attorney fees owed to the debtor's former wife's attorney were similarly held nondischargeable in *In re Kline*, 65 F.3d 749 (8th Cir.1995). This case is distinguishable for the same reasons as *Williams*.

Where the nature of the obligation is a statutorily imposed reimbursement to the State, other courts have also concluded the obligation is not excepted from discharge under section 523(a)(5). *See In re Spencer,* 182 B.R. 263 (Bankr.E.D.Cal.1995) (obligation imposed under a reimbursement statute held dischargeable); *In re Visness,* 57 F.3d 775 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 828, 133 L.Ed.2d 770 (1996) (holding debts owed to county for reimbursement of AFDC benefits dischargeable where no support decree exists); *In re Erfourth,* 126 B.R. 736 (Bankr.W.D.Mich.1991). These cases hold that unless the debt is owed directly to a debtor's spouse, former spouse, or child in connection with a separation agreement, divorce decree, or court order, or assigned to a governmental entity thereafter, it is dischargeable. *See Spencer,* 182 B.R. at 267. Again, it should be noted that none of these cases involved an assignment of a child or spouse's support obligation to the claimant. In each case, the claimant asserted a direct claim against the debtor, not an assignment of a support obligation owed by the debtor's to a child, spouse, or former spouse.

█ My interpretation of section 523(a)(5) is consistent with the carefully drawn statutory scheme. Under section 523(a)(5), it is clear that not all obligations in the nature of child support are excepted from discharge. For example, under section 523(a)(5)(A), if a child or spouse assigns a child support obligation to an entity other than a State or governmental agency, the debt is dischargeable. Section 523(a)(5)(A) provides a narrow exception to the general rule that assignments of support obligations are dischargeable, permitting enforcement of the child or spouse support obligation by a governmental entity. To qualify for the discharge exception, the claim of the governmental entity must fall within the scope of section 523(a)(5). The claim of Kansas DSRS in this case does not fall within the narrow exception permitted by the statute. To decide otherwise, would be to expand the scope of section 523(a)(5) beyond its express terms.

## CONCLUSIONS OF LAW

The claim held by the Kansas DSRS, for reimbursement under KAN.STAT.ANN. § 39–

718b, as evidenced by judgment of the Kansas District Court, is not excepted from discharge because it does not constitute a debt owed "to a spouse, former spouse, or child of the debtor, for ..., maintenance for, or support of such ... child, in connection with a separation agreement, divorce decree, or other order of a court of record, determination made in accordance with State ... law by a governmental unit," under Bankruptcy Code § 523(a)(5), and no assignment of such a benefit to the agency occurred as contemplated by section 523(a)(5)(A).

I therefore conclude that the plaintiff's obligation to the Kansas DSRS is not excepted from discharge pursuant to Bankruptcy Code § 523(a)(5)(A), because the support obligation was directly owed to the Kansas DSRS pursuant to the reimbursement statute. A separate judgment will be entered in favor of the plaintiff.

## *JUDGMENT*

For the reasons stated in the court's separate Memorandum filed contemporaneously herewith,

IT IS ADJUDGED AND DECREED, that the Motion for Summary Judgment (Fil. # 18), filed by Adib Nasif Saafir, is sustained.

IT IS FURTHER ORDERED, that the debt of the plaintiff, Adib Nasif Saafir, to the Kansas Department of Social and Rehabilitation Services as evidenced by the Journal Entry of Judgment entered September 24, 1993, by the District Court of Shawnee, Kansas, in Case No. 93 DR 92, Division 4, is not excepted from discharge under 11 U.S.C. § 523, and shall be discharged by a discharge order entered in this case.