**COUNTY OF OAKLAND,**
Appellant–Defendant,

v.

**Richard FRALICK and Sandra Fralick,**
Appellees–Plaintiffs.

Bankruptcy No. 1:97–CV–626.
Adversary No. 96–8277.

United States District Court,
W.D. Michigan,
Southern Division.

Oct. 3, 1997.

John J. Lynch, III, Vandeveer, Garzia, P.C., Birmingham, MI, for County of Oakland.

Craig W. Elhart, Elhart & Power, Traverse City, MI, for Richard J. Fralick.

### OPINION

RICHARD A. ENSLEN, Chief Judge.

This matter is before the Court pursuant to Bankruptcy Rules 8001 and 8013 in order to resolve the appeal of the County of Oakland of the Bankruptcy Court's Order of June 11, 1997 determining that the plaintiffs'

judgment debt to the County of Oakland was dischargeable pursuant to 11 U.S.C. § 523. For the reasons which follow, the determination of the Bankruptcy Court is affirmed.

### I.

This matter involves Charlotte O'Leary, the minor child of Sandra Fralick and her former husband, Daniel O'Leary. Charlotte O'Leary was removed from the care of her parents because of abuse and neglect by Order of the Oakland County Juvenile Court of January 3, 1996. In April of 1996, the child was returned to the care of her mother. On June 10, 1996, the Juvenile Court ordered that the natural parents reimburse the County of Oakland for costs of the child's care ($5,043.80) and attorney fees ($330) pursuant to state statute requiring parents to reimburse counties for the costs of foster care placement and attorney fees—Mich.Comp. Laws § 712A.18. Since then, Sandra Fralick has re-married and with her new husband has filed bankruptcy and sought a determination that these court-ordered expenses are dischargeable under the Bankruptcy Code.

This matter was fully briefed and argued before the Bankruptcy Court for the Western District of Michigan, the Honorable James D. Gregg presiding. Therein, Judge Gregg determined by Order of June 11, 1997 that the debt was dischargeable because the debt for child-support was not owed directly to the child, a spouse or former spouse and it was not owed to a governmental entity entitled to the support because of a valid assignment of support. This appeal then followed.[1]

### II.

This matter is before the Court for the sole reason of testing the Bankruptcy Court's statutory interpretation of 11 U.S.C. § 523(a)(5). Under Bankruptcy Rule 8013, and the general law governing appeals, this Court must review the statutory interpretation of the Bankruptcy Court *de novo*. *United States v. Hans*, 921 F.2d 81, 82 (6th Cir.1990); *In re Acequia Inc.*, 787 F.2d 1352,

1357 (9th Cir.1986); *In re Chang*, 210 B.R. 578, 580 (9th Cir. BAP 1997)

In making this interpretation, the Court must construe the statute as a whole giving effect to each word of the statute. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 35, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992); *United States v. Caldwell*, 49 F.3d 251 (6th Cir.1995). In doing so, the Court must also attempt to preserve the legislative purposes of the statute passed by Congress. *United States v. Noland*, 517 U.S. 535, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996). The Court does so first by looking to the language of the statute itself and then, if it unclear, by looking at the legislative history of the statute *Toibb v. Radloff*, 501 U.S. 157, 161, 111 S.Ct. 2197, 2199–2200, 115 L.Ed.2d 145 (1991).

### III.

Title 11 United States Code Section 523(a)(5) provides as follows:

**Section 523. Exceptions to Discharge**

(a) a discharge under section 727, 1141, 1228(a), and 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt. . . .

(5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree or other order of a court of record, or other determination made in accordance with State or territorial law by a governmental unit or property settlement agreement, but not to the extent that

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than a debt assigned pursuant to section 402(a)(26) of the Social Security Act [42 U.S.C. § 602(a)(26)], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance or support,

---

1. The Court resolves this appeal without oral argument because it concludes pursuant to Bankruptcy Rule 8012 that the decisional process would not be significantly aided by oral argument.

unless such liability is actually in the nature of alimony, maintenance or support; 11 U.S.C.A. § 523(a)(5) (West 1993).[2]

■ This statute partakes of the bankruptcy system which Congress has enacted pursuant to its express constitutional authority to do so. Its subject is the technical, but crucial, one of discharge—the fresh start that debtors are customarily granted in Title 11 proceedings. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Because discharge is so crucial to the bankruptcy process, the Supreme Court and the lower courts have traditionally interpreted exceptions to discharge narrowly in favor of the debtor. *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *In re Omegas Group, Inc.*, 16 F.3d 1443, 1452 (6th Cir.1994); *In re Ward*, 857 F.2d 1082, 1083 (6th Cir.1988). While there is a tension between this presumption and the purpose of this particular exception to discharge—namely, to except from discharge court-ordered monies for the support of children which are owed directly to either the children or to a spouse or former spouse for the children's support—the Court must remember to interpret exceptions to discharge, including this one, narrowly. *In re Chang*, 210 B.R. at 581.

■ It is evident from the language of this statute that it intends to except child support obligations from discharge, but only to the extent they are owed directly to the child or to a spouse or former spouse that is supporting the child. *In re Erfourth*, 126 B.R. 736, 740–41 (Bankr.W.D.Mich.1991); *In re Crouch*, 199 B.R. 690 (9th Cir. BAP 1996) (discussing statutory language and statutory history); *In re Spencer*, 182 B.R. 263 (Bankr. E.D.Cal.1995). Appellant, the County of Oakland, seeks to distinguish the cited case law on the ground that the above cases concerned situations in which the children and not the parents caused the need for foster placement. This distinction, however, has no basis in the statutory language here interpreted and the cause of placement is not a basis for the statutory interpretations adopted in the above cases. Furthermore, other cases in which the cause of placement is not discussed at all have determined that the parents' debt of reimbursement of foster care expenses under state statute is dischargeable because the debt for support is owed to an entity other than a child, spouse or ex-spouse and was not owed because of an assignment of support to a governmental entity. *In re Saafir*, 192 B.R. 964, 969 (Bankr. D.Neb.1996).

Both the *Saafir* and the *Erfourth* decisions mentioned above rely upon the language of Section 523(a)(5)(A) which explicitly excludes from the exception to discharge voluntary or statutory assignments to entities other than children, spouses and ex-spouses. This limitation to the exception to discharge is itself limited by language which makes clear that an assignment of a debt pursuant to 402(a)(26) of the Social Security Act—which refers to a voluntary assignment of support as part of the Aid to Families with Dependent Children ("AFDC") program—and other similar assignment of debts to governmental entities are treated like support owed to a child, spouse or ex-spouse. *See, e.g., In re Jones*, 94 B.R. 99 (Bankr.N.D.Ohio 1988) (holding that child support debt that had been assigned as part of AFDC program was non-dischargeable). In this case, though, the County of Oakland has not been assigned an interest in the debtor's right to child support as part of a state or federal program like AFDC. Rather, as in *Saafir* and *Erfourth*, the County is simply trying to enforce its rights against the parents under a state statute for reimbursement for costs of foster care placement. Such rights do not constitute an assignment of child support and therefore the obligation contained in the Juvenile Court's Order of Reimbursement is dischargeable under Section 523. *Erfourth*, 126 B.R. at 740–41; *Saafir*, 192 B.R. at 969.

---

**2.** The Court notes that there have been subsequent technical amendments to the statute which do not affect its general interpretation. The 1993 version of the statute is used instead of the current version because this debt was incurred before the effective date of the 1996 amendments to Section 523.

**IV.**

Therefore, it is the conclusion of this Court that the Order of the Bankruptcy Court should be affirmed.