**In re Kenneth WISE, Debtor.**

**Bradford County Children and Youth Services, Plaintiff,**

v.

**Kenneth Wise, Defendant.**

**Bankruptcy No. 5–00–03356. Adversary No. 5–01–00001A.**

United States Bankruptcy Court, M.D. Pennsylvania.

Opinion Filed Dec. 27, 2001.

Correction Filed March 14, 2002.

Daniel J. Barrett, Athens, PA, for debtor.

Matthew Brann, Troy, PA, for Bradford Co. Children & Youth Services.

Kenneth Levitzky, Dushore, PA, for Bradford Co. Domestic Relations Office.

### TECHNICAL CORRECTION TO OPINION FILED DECEMBER 27, 2001

JOHN J. THOMAS, Bankruptcy Judge.

The Opinion of this Court filed December 27, 2001 shall be corrected as follows:

The citation "*In re Gianakas*, 917 F.2d 759 (3d Cir.1900)" located on page 251 at Lines 19 and 20 of the Opinion shall be changed to read "*In re Gianakas*, 917 F.2d 759 (3d Cir.1990)".

### OPINION[1]

This adversary proceeding was brought to determine if the debt owed to Bradford County Children and Youth Services (the County) is dischargeable under the Code. (Complaint to Determine Dischargeability of Certain Debts, filed 01/02/2001 (Doc. # 1A).) Debtor's minor child was placed in various juvenile facilities in Bradford County because of delinquent behavior. *Id.* The County's costs for the minor child's care in those facilities totaled $33,528.24. In its Complaint, the County argued that this debt was nondischargeable under Code Sections 523(a)(5) and/or 523(a)(18). Debtor, while admitting the County is a creditor, denied that the debt is nondischargeable. (Debtor's Answer to Complaint to Bradford County Children and Youth Services), filed 01/01/2001 (Doc. # 3A).

As a preliminary matter, during telephonic argument on May 9, 2001, counsel for the County asserted that there were no federal funds paid on behalf of the Debtor's child. (Audio Tape, May 9, 2001.) This

---

1. Drafted with the assistance of Seth Cohen, Law Clerk.

negates the County's argument that the debt in question was nondischargeable under Section 523(a)(18) [2] as asserted in its Complaint. If there had been federal funds, the debt in question would not be dischargeable under Section 523(a)(18). Furthermore, the same counsel agreed with the Court during the May 9, 2001 hearing that there was no Code Section other than 523(a)(5) that applies to the case at hand. *Id.*

■ Code Section 523(a)(5) reads as follows:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) *to a spouse, former spouse, or child of the debtor,* for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523(a)(5) (emphasis added).

■ The statute is clear that a condition precedent of nondischargeability is that the obligee of the debt must be the "spouse, former spouse, or child of the debtor." In fact, the House Report's discussion leaves little doubt that this was the intent of Congress in adopting this provision. H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6320 ("This language ... will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependent.")

There are, however, numerous cases concluding that, in order to survive discharge, the debt need not be payable to "a spouse, former spouse, or child of the debtor." Many of these cases have virtually ignored the limiting phraseology of Section 523(a)(5) and have held that debts payable to individuals, such as attorneys, guardians, and psychologists, are nondischargeable even though they are not payable to a spouse, former spouse, or child of the debtor. *In re Peters,* 133 B.R. 291 (S.D.N.Y.1991) (attorney fees); *Matter of Gwinn,* 20 B.R. 233 (9th Cir. BAP 1982) (attorney fees); *In re Kloss,* 29 B.R. 720, 721 (Bankr.M.D.Pa.1983) (attorney fees); *In re Chang,* 163 F.3d 1138 (9th Cir.1998), *certiorari denied, Chang v. Beaupied,* 526 U.S. 1149, 119 S.Ct. 2029, 143 L.Ed.2d 1039(Mem) (1999) (guardian fees); *In re Lombardo,* 224 B.R. 774 (Bankr.S.D.Cal. 1998) (attorney fees); *In re Weisberg,* 218 B.R. 740 (Bankr.E.D.Pa.1998) (guardian fees); *Miller v. Gentry (In re Miller),* 55 F.3d 1487, 1489 (10th Cir.1995) (Guardian ad litem and psychologist fees). Some cases hold that an obligation is actually owed directly to the spouse, etc., inasmuch as the debtor has agreed to hold harmless that spouse for the underlying debt. See,

---

**2.** Code Section 523(a)(18) governs the exception to discharge of a debt "[o]wed under State law to a State or municipality that is—

(A) in the nature of support, *and*

(B) enforceable under part D of Title IV of the Social Security Act (42 U.S.C. § 601 et seq.)."

11 U.S.C. § 523(a)(18). (*emphasis added*).

for example, *Long v. Calhoun*, 715 F.2d 1103, 1106 (6th Cir.1983).

An expansive interpretation of the exceptions to discharge requires the implementation of exceptions to the exceptions to address inequities. See, for example, *In re Lowther*, 266 B.R. 753, 759–760 (10th Cir. BAP 2001). This is only one of the several difficulties in embracing such a broad view of Section 523(a)(5).

At this juncture, I want to distinguish those cases that have broadly interpreted the terms alimony, maintenance, and support to conclude that a debtor's obligation *to a spouse* for payment to the nondebtor's attorney, etc., may be nondischargeable even though not traditionally a "support and maintenance" expense. See, for example, *Williams v. Williams (In re Williams)*, 703 F.2d 1055 (8th Cir.1983). Such a position is consistent with our circuit's discussions of the nature of alimony, maintenance, and support using federal law parameters I must follow. *In re Gianakas*, 917 F.2d 759 (3d Cir.1990) (federal law determines dischargeability under 11 U.S.C. § 523(a)(5)). Nevertheless, these items, normally, must be payable to a "spouse, former spouse, or child of the debtor" regardless of the broad brush with which I paint the terms "alimony, maintenance, and support."

■ If I were to accept the proposition that debts owing to lawyers, counties, creditors and others, can be nondischargeable under § 523(a)(5), then I must disregard the entire initial qualifying phrase of the exception so that any *"debt … for alimony to, maintenance for, or support of such spouse or child"* would be nondischargeable. This would violate a cardinal tenet of statutory construction giving meaning to each word of a statute. *Moskal v. United States*, 498 U.S. 103, 111 S.Ct. 461, 466, 112 L.Ed.2d 449 (1990); *Helton v. Fauver*, 930 F.2d 1040, 1053 (3d

Cir.1991). Moreover, the sacrosanct application of the language of the statute has been, not so subtly, brought to bear on inferior courts by the adoption of the "plain meaning approach" mandated by *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) emphatically reaffirmed this point, quoting from Sutherland on Statutory Construction to note, "Where a statute … names the parties granted [the] right to invoke its provisions, … such parties only may act." *Id.* at 6, 120 S.Ct. at 1947, *citing*, 2A N. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 47.23, at 217 (5th ed.1992).

■ In addition, statutory exceptions to discharge normally are subject to narrow construction, *Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir.1993) (per curiam), being limited to those instances where Congress has concluded that the creditor's interest in recovering the debt is greater than the debtor's interest in a discharge. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991).

In this case, the debt arose out of a May 5, 2000 Order of the Court of Common Pleas of Bradford County, Pennsylvania. (See Brief of Kenneth Wise, Debtor For Hearing April 23, 2001, filed to case no. 5–00–03356, (Doc. # 29), at Attachment 8.) The basis for the debt was to reimburse the County for payments made to various juvenile facilities as determined by the Bradford County Court of Common Pleas. *Id.* Further, the May 5, 2000 Order directed the Debtor to pay the "Pennsylvania State Collection and Disbursement Unit … For the Support of [debtor's child]" to be made payable to "Pa SCDU" by check or money order. *Id.*

Several jurisdictions dealing with similar fact patterns have held that such a debt did not meet the Section 523(a)(5) exception to discharge. *In re Spencer,* 182 B.R. 263 (Bankr.E.D.Cal.1995); *In re Erfourth,* 126 B.R. 736, 740 (Bankr.W.D.Mich.1991) (debt obligation was owed to the county not the child, and the child had not assigned the debt to the county); *Matter of Saafir,* 192 B.R. 964 (Bankr.D.Neb.1996); *In re Crouch,* 199 B.R. 690, 693 (9th Cir. BAP 1996) (debt was owed to the County, not the debtor's child).

The analyses used in two of the cases are applicable here. In *In re Spencer,* a Chapter 7 debtor owed money to the county for her children's lodging in the county juvenile hall after they had been adjudged wards of the juvenile court. *In re Spencer,* 182 B.R. at 264. The bankruptcy court analyzed the issue of dischargeability using a two-part test: (1) whether the obligation is a " 'debt to the child' or validly assigned by the child to a government entity;" and (2) whether the obligation is in the nature of support. *Id.* at 266. The *Spencer* Court did not get past the first step of the analysis. It focused on the legislative history of Section 523(a)(5) and found that this section of the Code "applies only to support obligations owed directly to a spouse or child." The *Spencer* Court narrowly construed Section 523(a)(5) and found that "the reimbursement for wardship costs ... was owed and payable directly to the [county probation department], not directly to the Debtor's minor children. The obligation did not arise by assignment from Debtor's minor children to the county." *Id.* at 268.

In addition, the court in the *Matter of Saafir* found that a debtor's reimbursement of expenses the State incurred while debtor's child was a ward of the State was dischargeable. *Matter of Saafir, supra.* That court narrowly construed Section 523(a)(5) stating, "the fact that an obligation is in the nature of child support does not result in the debt's exception from discharge unless either the obligation is to a spouse, former spouse, or child under section 523(a)(5), or 'such debt,' namely a debt to a spouse, former spouse, or child, is to a governmental assignee under section 523(a)(5)(A)." *Saafir,* 192 B.R. at 967. The legal issue before the court was whether the obligation in question was a debt to a spouse, former spouse, or child. The court found the debt was a judgment in favor of the State under its statutory right to reimbursement and was not a debt to a child, spouse, or former spouse. *Id.* Since it was not assigned to the government, it did not fit the exception to discharge of Section 523(a)(5)(A). *Id.* Similarly, the obligation in the case at hand was not assigned to the government.[3]

I find the reimbursement in the case at hand is owed to the County not to the Debtor's minor child. Although a later Bradford County Court Order of February 13, 2001, which was included in Debtor's Brief, (Doc. # 29), states that the support action was brought on behalf of the child and the right to collect has been assigned to the Commonwealth of Pennsylvania, *the County did not visit this in its briefs or during the telephonic hearing,* and thus I cannot make any findings regarding this issue. I find that the requirements of the Section 523(a)(5)(A) exception to discharge, which allows debts assigned to government entities to be nondischargeable, has not been met.

I also find that the subsequent Order of February 13, 2001 did not change the initial obligee of the debt. In that Order, the

---

**3.** If the debtor's son had assigned such an enforceable obligation to the County, then it would not be dischargeable under 11 U.S.C. § 523(a)(5)(A).

Court denied the Debtor's motion for a rescission of the original Order of May, 2000. In addition to the denial, the Court added that "the obligation [in question] is to a child." (See Brief of Kenneth Wise, Debtor For Hearing April 23, 2001, filed to case no. 5-00-03356, (Doc. # 29), at Attachment 5.) The last few words of that order were not material to the disposition of the pending motion for rescission and, thus, were no more than surplusage. *Coffin v. Malvern Federal Savings Bank*, 90 F.3d 851 (3d Cir.1996).

In summary, I conclude that the Debtor's obligation to the County of Bradford by reason of the detention of the Debtor's minor child is dischargeable. *DeKalb County Div. Of Family & Children Servs. v. Platter*, 140 F.3d 676 (7th Cir.1998).