In re David Leray CROUCH and Donna Katherine Crouch, Debtors.

**COUNTY OF EL DORADO, Appellant,**

v.

**David Leray CROUCH and Donna Katherine Crouch, Appellees.**

BAP No. EC–95–2117–DMeR.

Bankruptcy No. 94–29597–C–7.

Adv. No. 95–2194.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 21, 1996.

Decided July 31, 1996.

691

Thomas R. Parker, Placerville, CA, for Appellant.

David Leray Crouch and Donna Katherine Crouch, pro se.

Before: DONOVAN [1], MEYERS, and RUSSELL, Bankruptcy Judges.

1. Hon. Thomas B. Donovan, Bankruptcy Judge for the Central District of California, sitting by designation.

*OPINION*

DONOVAN, Bankruptcy Judge:

## I. BACKGROUND

David Leray Crouch and Donna Katherine Crouch (Debtors) filed a chapter 7 petition on December 1, 1994. At the time they filed, Mr. Crouch owed the County of El Dorado (County), a political subdivision of the State of California, $1,350.72 pursuant to California Welfare and Institutions Code § 602, *et. seq.*, for costs incurred by the County when Mr. Crouch's minor son was housed at the County's Juvenile Hall. On March 30, 1995, the County sued the Debtors seeking nondischargeability of the debt under 11 U.S.C. § 523(a)(5) [2]. When the Debtors failed to answer the complaint, the County moved for entry of a default judgment. The bankruptcy court held that the debt was dischargeable, relying on *In re Spencer*, 182 B.R. 263 (Bankr.E.D.Cal.1995). The County appeals from the judgment. We **AFFIRM**.

## II. ISSUE

Whether the debt owed to the County is nondischargeable under § 523(a)(5).

## III. STANDARD OF REVIEW

The issue presented is one of statutory interpretation, a question of law that we review *de novo*. *In re Acequia, Inc.*, 787 F.2d 1352, 1357 (9th Cir.1986).

## IV. DISCUSSION

■ Exceptions to discharge are confined to those plainly expressed in the Bankruptcy Code. *In re Norman*, 25 B.R. 545, 547 (Bankr.S.D.Cal.1982). Exceptions to discharge should be strictly construed in favor of the debtor. *In re Klapp*, 706 F.2d 998, 999 (9th Cir.1983).

### A. Statutory authority

■ Section 523(a)(5) provides, in relevant part:

2. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
>> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State). . . .

The legislative history to § 523(a)(5) provides:

> Paragraph (5) excepts from discharge debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of, the spouse or child. This language . . . will apply to make nondischargeable **only alimony, maintenance, or support owed directly to a spouse or dependent.**

H.R. No. 95–595, 95th Cong., 1st Sess. 364 (1978), *citing* Hearings. pt. 2, at 942 (emphasis added).

The County argues that the identity of the payee/recipient of the obligation should not control whether the debt is dischargeable or not. The County premises its argument on its view that the underlying policy expressed by Congress in § 523(a)(5) is to except from discharge familial support obligations. However, § 523(a)(5) plainly states that it applies to debts owed "to a spouse, former spouse, or child." The legislative history cited above supports the position that only debts owed directly to a family member are excepted from discharge under § 523(a)(5). Furthermore, in response to a split of decisional authority regarding whether such debts assigned by a debtor's family member to a

government entity were dischargeable, Congress amended § 523(a)(5) in 1984 to provide explicitly that such debts were nondischargeable. The 1984 amendment was not broad enough to encompass *any* debt owed a governmental entity for support of a "spouse, former spouse, or child;" it encompassed only those debts determined by a court of record to be owed to a spouse or child, including such debts that the creditor had assigned to a governmental entity. *See* Pub.L. 98–353 § 454(b)(2), 98 Stat. 375; *see also, In re Visness,* 57 F.3d 775, 780 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 828, 133 L.Ed.2d 770 (1996). Congress amended § 523(a)(5) again in 1986 by Pub.L. 99–554 § 281, 100 Stat. 3116, to clarify further what types of court orders regarding support are nondischargeable, but the 1986 amendment offers no new help for the County's position.

## B. Applicable case law

We addressed the issue of whether under § 523(a)(5) a debt must be owed directly to a spouse, former spouse, or child in *In re Linn,* 38 B.R. 762 (9th Cir. BAP 1984). The *Linn* case arose after a custody battle between the debtor and the debtor's former wife when the state court appointed both a psychiatrist and an attorney for the debtor's son and ordered the debtor to pay the professionals' fees. After the debtor filed bankruptcy, both the psychiatrist and the attorney filed adversary proceedings seeking to except from discharge the debts owed them, relying on § 523(a)(5). The Panel determined that the obligations were for support but decided that the debts were dischargeable, concluding, "Under a literal application of § 523(a)(5), to be nondischargeable a debt must be owed specifically to the 'spouse, former spouse, or child.'" *Id.* at 763. The Panel noted that many courts had recognized an exception when the debt was owed to an attorney who had represented the debtor's former spouse, apparently based on a concern that if such a debt was discharged, the non-debtor spouse would remain liable on the debt, but the Panel also noted that Mr. Linn alone was responsible for the fees in issue and that if he did not pay them, Mr. Linn's former wife

and child would not be liable to pay the fees. The Panel reasoned,

> Excluding these debts from discharge will not further the bankruptcy goal of a fresh start unburdened by old debts. Nor will it protect spouses, former spouses and children from being injured by a debtor's discharge.

*Id.* (citation omitted). The same reasoning applies to the facts now before the Panel.

*Spencer,* 182 B.R. 263, involved facts similar to those presented in this appeal and also involved the County of El Dorado, appellant herein. The bankruptcy court there recognized that two questions must be answered affirmatively in order to establish the nondischargeability of a debt related to a minor child under § 523(a)(5):

> First, is the obligation a "debt to the child" or validly assigned by the child to a government entity? And, second, is the obligation in the nature of "support?"

*Id.* at 266. In *Spencer,* the bankruptcy court found that reimbursement was owed to the County and was not assigned by the debtor's children to the County. As a result, the bankruptcy court concluded that although the debt was incurred for the support of the debtor's children, it nevertheless was dischargeable.

The Ninth Circuit has addressed a related issue under § 523(a)(5) in *In re Ramirez,* 795 F.2d 1494 (9th Cir.1986), *cert. denied,* 481 U.S. 1003, 107 S.Ct. 1624, 95 L.Ed.2d 198 (1987). In *Ramirez,* the debtor and his former spouse separated without a dissolution judgment or a court order for alimony or child support. Soon after, the debtor's former spouse requested welfare assistance from the county. As a condition to eligibility, the debtor's spouse assigned to the county any support rights she had accrued from the debtor. Later, the county obtained a $14,750 default judgment against the debtor. After the county began garnishing the debtor's wages, the debtor filed for relief under chapter 7. The debtor then filed a complaint to determine the dischargeability of the debt he owed to the county. The Ninth Circuit, strictly construing § 523(a)(5), concluded that the debt "was dischargeable because it did not arise from a 'separation agreement, divorce decree or property settlement.'" *Id.* at 1496.

■ Since the facts occurred that gave rise to *Ramirez,* the 1984 and 1986 amendments to § 523(a)(5), discussed above, partially overruled *Ramirez.* However, *Ramirez* stands for two remaining valid propositions. The first is that § 523(a)(5) should be narrowly interpreted and strictly construed. The second is reflected in the equitable consideration expressed by a divided Ninth Circuit panel in *Ramirez.* The majority stated:

> Our overriding goal is to leave Mr. Ramirez in a position to meet his current obligations to support his children....
>
> ....
>
> ... When the choice lies between forcing a parent to pay a past statutory obligation to a county and permitting a parent to pay current support obligations to his children, equity and concern for the current welfare of the children require that we discharge the past obligation.

*Ramirez,* 795 F.2d at 1498–99. Moreover, in *Visness,* 57 F.3d at 780–781, the Ninth Circuit revisited its decision in *Ramirez* and said, "*Ramirez* still applies when the obligation in question is the dischargeability of a support obligation assigned pursuant to 42 U.S.C. § 602(a)(26)...."

## V. CONCLUSION

In the case at hand, the debt was owed to the County, not to the Debtors' child. There is no basis in the record for concluding that if the debt is discharged the Debtors' son will have to pay the County. A finding that the debt in question here is nondischargeable under § 523(a)(5) would not further the statutory policy of protecting family support obligations payable to a child, spouse or former spouse or assigned by the family to a governmental entity but would be contrary to a plain reading of the statute and would detract from the fresh start policy embodied in § 523(a)(5).

Accordingly, the judgment in favor of the Debtors is **AFFIRMED**.