**In re Calvin E. ROWLEY and Barbara E. Rowley, Debtors.**

**STATE of California, Franchise Tax Board, Appellant,**

**v.**

**Calvin E. ROWLEY and Barbara E. ROWLEY, Appellees.**

**BAP No. AZ–96–2068–MeJR.**
**Bankruptcy No. 95–11049–PHX–CGC.**
**Adv. No. 96–322.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Argument
April 28, 1997.

Decided May 13, 1997.

---

Kathryn Allen, Rancho Cordova, CA, for State of California, Franchise Tax Board.

Kevin J. Rattay, Tempe, AZ, for Calvin & Barbara Rowley.

Before: MEYERS, JONES and RUSSELL, Bankruptcy Judges.

## OPINION

PER CURIAM.

In May 1989, the Internal Revenue Service ("IRS") assessed a tax deficiency against Calvin and Barbara Rowley ("Rowleys"). The IRS then notified the State of California, Franchise Tax Board ("State"), of the assessment. The Rowleys failed to notify the State of the assessment despite the requirements of Cal. Rev. & Tax.Code § 18451.[1] On April 2, 1993, the State issued a notice of proposed assessment to the Rowleys for additional 1982 California income taxes. The assessment was based upon the income tax deficiency assessed by the Internal Revenue Service.

In November 1995, the Rowleys filed a petition for relief under Chapter 7 of the Bankruptcy Code. A discharge was entered in March 1996. On April 24, 1996, the Rowleys brought an adversary proceeding against the State seeking a declaration that the 1982 tax obligation was discharged. In its answer the State contended that the tax obligation was excepted from discharge pursuant to Section 523(a)(1)(B)(i).[2] The Row-

---

1. That statute was repealed as of January 1, 1994. The applicable statute is now Cal. Rev. & Tax.Code § 18622. An individual must still report any change or correction in his or her Federal taxes. However, the time period to make a report is now six months, instead of the 90 days allowed by the old statute.

2. Section 523(a) provides that:

    (a) A discharge under section 727 ... does not discharge an individual debtor from any debt–
      (1) for a tax or a customs duty–
      (B) with respect to which a return, if required–
      quired–

leys then filed a motion for *summary* judgment. A hearing was held on October 15, 1996, at which time the court granted the motion.

 The State is correct that under Cal. Rev. & Tax.Code § 18451 the Rowleys were required to report to the State any change or correction in their gross income or deductions as reported to the IRS within 90 days of a final determination on the change or correction. The State contends that the required *report* to the State should be equated to the filing of a *return*, as that term is used in Section 523(a)(1)(B)(i); and, since the Rowleys failed to report the change they should be considered to have failed to file a return. Having failed to file this return/report, the State's argument goes, the Rowley's 1982 California tax obligation should be excepted from the Section 727 discharge.

The Panel has recently addressed this issue in *In re Jerauld*, 208 B.R. 183 (9th Cir. BAP1997). In that case, the Panel held that the term "report" in the California statute would not be equated with the term "return" as used in Section 523(a)(1)(B)(i). Accordingly, the Panel found that the debt was discharged.

Our decision is dictated by the principle that we are bound by prior Panel decisions. *In re Ball*, 185 B.R. 595, 597 (9th Cir. BAP 1995); *In re Sierra Pacific Broadcasters*, 185 B.R. 575, 578 n. 7 (9th Cir. BAP 1995). The Bankruptcy Appellate Panel was created, in part, to provide a uniform and consistent body of bankruptcy law throughout the Ninth Circuit. *In re Proudfoot, III*, 144 B.R. 876, 878 (9th Cir. BAP 1992). "We will not overrule our prior rulings unless a Ninth Circuit Court of Appeals decision, Supreme Court decision or subsequent legislation has undermined those rulings." *Ball, supra*, 185 B.R. at 597. We fully agree with the reasoning and holding in *Jerauld*; however, that is irrelevant. Even if we were to disagree with the Panel's decision in *Jerauld* we would be bound by it.

The essential facts of this case are indistinguishable from those in *In re Jerauld*. That

(i) was not filed....

opinion is controlling. Therefore, the order of the bankruptcy court is **AFFIRMED**.