In re Amy A. CHANG, Debtor.

Amy A. CHANG, Appellant,

v.

Aleta BEAUPIED, and George O. Ting, Appellees.

BAP No. NC–96–1296–RyMeR.
Bankruptcy No. 95–32027–BDMM.
Adversary No. 95–3384–DM.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Decided July 18, 1997.

Argued and Submitted May 23, 1997.

Amy Chang, San Francisco, CA, pro se.

Brian J. McCaffrey, Larson & Weinberg, San Francisco, CA, for Aleta Beaupied.

Kenneth R. Wachtel, Leland, Parachini, Steinberg, Flinn, Matzger & Melnick, San Francisco, CA, for George Ting.

Before RYAN, MEYERS and RUSSELL, Bankruptcy Judges.

## *OPINION*

RYAN, Bankruptcy Judge.

Appellee Aleta Beaupied filed a complaint against Appellant-Debtor Amy Chang ("Debtor") seeking to have her claim in Debtor's bankruptcy given priority under Bankruptcy Code (the "Code")[1] § 507(a)(7). George O. Ting filed an objection (the "Objection") to Debtor's Chapter 13 Plan (the "Plan"). Because of the overlapping legal and factual issues involved in the two proceedings, the bankruptcy court, with the parties' consent, consolidated the two actions. After a trial, the bankruptcy court held that Beaupied's and Ting's respective debts were nondischargeable under § 523(a)(5) and entitled to priority under § 507(a)(7). Debtor appealed the bankruptcy court's judgment. We **REVERSE** and **REMAND**.

## I.  FACTS

Prepetition, Debtor and Ting were involved in a highly contested and protracted custody dispute (the "Custody Action") for their minor child ("Child").[2] Because of the seriousness of some of the issues raised in the Custody Action, the state court appointed several health professionals (the "Health Professionals") to evaluate Child and monitor Ting and Debtor.[3] Additionally, Beaupied was appointed by the state court to represent Child's interests.

On May 17, 1995, the state court awarded Ting sole legal and physical custody of Child. The state court judgment (the "Judgment") established the amount of Health Professionals' fees that Ting and Debtor were to pay.[4] Additionally, the Judgment required Debtor to pay $10,579 of Beaupied's fees.[5]

On June 1, 1995, Debtor filed her chapter 13 bankruptcy petition. The Plan proposed to pay all secured creditors in full and pay nothing to the unsecured creditors. The Plan also denied priority to the Health Professionals' fees and Beaupied's fees. Thus, under the Plan, the Health Professionals and Beaupied were to be paid nothing.

On September 11, 1995, Ting filed the Objection to the Plan. The Objection stated that Debtor's share of the Health Professionals' fees owed to Ting, because he had paid them in full, was nondischargeable under § 523(a)(15).[6] On October 6, 1995, Beaupied filed a complaint seeking to have all fees owed to her by Debtor resulting from her representation of Child treated as a priority claim under § 507(a)(7).[7] By agreement of the parties, these two actions were consolidated for trial on January 22, 1996. At trial, it was agreed by the parties and the court that the Objection would be treated as a

---

1.  The Code is set forth in 11 U.S.C. §§ 101–1330 (1994).

2.  Although Debtor and Ting were never married, it is undisputed that Ting is the father of Child.

3.  Dr. Alex C.N. Leung was appointed by San Francisco Child Protective Services. Dr. Alice Green was appointed by the state court as the Parent/Child Visitation Supervisor. Dr. Stephen Seligman was appointed by the state court to give his professional evaluation concerning Child's placement. Dr. Donald B. Cliggert was appointed by the state court to evaluate Ting and Debtor. Dr. Ernest A. Bernburg was appointed as Child's therapist during the Custody Action, and Ms. Jeanne Ames was appointed, after stipulation by the parties, as the Family Law Mediator to act as a special master/referee in the early stages of the Custody Action.
    Ting paid most of the professionals' fees during the Custody Action.

4.  Generally, the Health Professionals' Fees were split equally; however, Ting was required to pay two-thirds of Ms. Ames' fees.

5.  On June 13, 1995, the state court issued a clarification of its May 17 order requiring Debtor to pay one-third of all additional fees and costs incurred by Beaupied.

6.  Although § 523(a)(15) is not a Code section specifying an objection to a chapter 13 plan, the bankruptcy court and the parties treated the Objection as a § 523(a)(5) nondischargeability complaint not a chapter 13 plan objection. *See infra* note 8 and accompanying text.

7.  Pursuant to the amended state court order, *see supra* note 5, the total share of fees Beaupied sought from Debtor as of November 30, 1995 was $14,694.70.

nondischargeability action under 523(a)(5).[8]

On March 5, 1996, the bankruptcy court published a memorandum decision and issued a judgment holding Beaupied's and the Health Professionals' fees nondischargeable under § 523(a)(5). *Beaupied v. Doe (In re Doe)*, 193 B.R. 12 (Bankr.N.D.Cal.1996).[9] On March 15, 1996, Debtor timely filed a notice of appeal from the bankruptcy court's judgment.

## II.   ISSUES ON APPEAL

1.   Whether the bankruptcy court erred in determining that Beaupied's fees were nondischargeable under § 523(a)(5).

2.   Whether the bankruptcy court erred in determining that the Health Professionals' fees were nondischargeable under § 523(a)(5).

## III.   STANDARD OF REVIEW

■   We review the bankruptcy court's findings of fact for clear error and the court's conclusions of law *de novo*. *Neben & Starrett v. Chartwell Fin. Corp. (In re Park–Helena Corp.)*, 63 F.3d 877, 880 (9th Cir. 1995), *cert. denied sub nom.*, —— U.S. ——, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996) (citing *Sousa v. Miguel (In re United States Trustee)*, 32 F.3d 1370, 1372 (9th Cir.1994)). A finding of fact is clearly erroneous if, after a review of the record, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518, § 73 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948)).

■   A specific determination under § 523(a)(5) that the debt in question was for maintenance, alimony, or support is considered a factual one which is reviewed under the clearly erroneous standard. *Gard v. Gibson (In re Gibson)*, 103 B.R. 218, 220 (9th Cir.BAP 1989) (citing *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1110 (6th Cir. 1983)).

■   Issues of statutory interpretation are questions of law which we review *de novo*. *County of El Dorado v. Crouch (In re Crouch)*, 199 B.R. 690, 691 (9th Cir.BAP 1996) (citing *Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 787 F.2d 1352, 1357 (9th Cir. 1986)).

## IV.   DISCUSSION

**A.   The Judgment In The Custody Action Is Entitled To Full Faith And Credit And Res Judicata; Therefore, Any Arguments Attacking The Underlying Judgment Are Not Considered.**

■   Before discussing whether the bankruptcy court erred in determining that Beaupied's and the Health Professionals' fees were nondischargeable under § 523(a)(5), we first address several "issues" that Appellant raises in her brief that appear to attack the validity of the underlying Judgment resulting from the Custody Action.   For example, Debtor argues that:

1.   the state court commissioner, who is now dead, improperly held a secret hearing and permitted Ting to abduct Child without any notice or consent of Debtor;

2.   Dr. Leung's conclusion that no sexual molestation of Child occurred was wrong and Dr. Leung was not qualified to reach such a conclusion;

3.   the state court violated basic concepts of justice and committed irreparable harm to Debtor and Child;

4.   the neutral experts appointed by the state court were not neutral, but were partial to Ting because he had paid their fees.   Additionally, several of them assisted Ting in illegally abducting Child.

8.   *See* Transcript of the Bankruptcy Court Trial at 1–2:17–12.  The trial briefs, oral arguments, and evidence presented to the bankruptcy court all asserted that Debtor's share of the Health Professionals' fees was nondischargeable under § 523(a)(5).

9.   In its published opinion, the bankruptcy court changed the names of Debtor and Ting to protect their identity and Child's interests.  *See Doe,* 193 B.R. at 13 & n. 1.

All of these attacks on the validity of the Judgment will not be considered by us. Federal courts are bound by 28 U.S.C. § 1738 to give full faith and credit to state court judgments. *See* 28 U.S.C. § 1738 (1994); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985) ("preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute"); *see also Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 80, 104 S.Ct. 892, 895–96, 79 L.Ed.2d 56 (1984); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir.1988).

The Judgment is final. Debtor did not appeal it. Additionally, Debtor has not attacked the jurisdiction of the state court to enter the Judgment. Therefore, we are bound by 28 U.S.C. § 1738 to give the Judgment full faith and credit.[10] Any argument of Debtor that attacks the underlying rationale or validity of the Judgment is inappropriate. The above issues, if valid, should have been raised by an appeal of the Judgment in the state appellate courts. The only issue appropriately before us is whether the bankruptcy court correctly interpreted the Judgment and federal bankruptcy law in concluding that Beaupied's and the Health Professionals' fees were nondischargeable under § 523(a)(5).

## B. Beaupied's And The Health Professionals' Fees Are Dischargeable Under § 523(a)(5).[11]

As the bankruptcy court noted, there is a "tension between the purpose of the Bankruptcy Code, to give the debtor a fresh start, and certain exceptions to that fresh start for support obligations to a spouse, former spouse, or child." *Doe*, 193 B.R. at 16. However, the exceptions listed in § 523 should be construed narrowly to assure the debtor has the opportunity for a fresh start. *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *Klapp v. Landsman (In re Klapp)*, 706 F.2d 998, 999 (9th Cir.1983).

Section 523(a)(5)[12] excepts from discharge any child or spousal support payment resulting from a separation, divorce agreement, or other order from an appropriate court of law. See 11 U.S.C. § 523(a)(5) (1994). The final determination of what portions of a state court judgment constitute nondischargeable support is a question of federal law. *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 681 (9th Cir.BAP 1994) (citing *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th

---

10. Additionally, the *Rooker–Feldman* doctrine would support our finding that we do not have jurisdiction to hear a collateral attack on the Judgment. *See In re Audre, Inc.*, 202 B.R. 490, 495 (Bankr.S.D.Cal.1996) ("Because of the foregoing two decisions, the proposition that a federal district court lacks jurisdiction to hear and decide a collateral attack on a state court judgment has become known as the *Rooker–Feldman* doctrine."); *see also Morrow v. Torrance Bank (In re Morrow)*, 189 B.R. 793, 808–09 (Bankr. C.D.Cal.1995) ("The '*Rooker–Feldman*' Doctrine bars a lower court from conducting a virtual 'review' of a state court judgment for errors in construing federal law or constitutional claims 'inextricably linked' with the state court judgment.").

11. We agree with the bankruptcy court that before it could decide whether Beaupied's fees were entitled to priority under § 507(a)(7), it first had to decide whether the fees were nondischargeable under § 523(a)(5). *Doe*, 193 B.R. at 16. As stated by the bankruptcy court in *In re Grady*, 180 B.R. 461, 464 (Bankr.E.D.Va.1995):

    Notwithstanding the fact that the issue was brought under § 507(a)(7)(B), the plethora of

case law discussing whether debts are 'actually in the nature of alimony, maintenance or support' under § 523(a)(5) is applicable and useful precedent in determining whether such debts should receive priority treatment.
    *Id.*

12. Section 523(a)(5) states, in relevant part:

    A discharge under section ... 1328(b) of this title does not discharge an individual debtor from any debt—
    ....
    (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record...but not to the extent that—
    (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise ... or
    (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.
    11 U.S.C. § 523(a)(5) (1994).

Cir.1984)), *aff'd*, 92 F.3d 1192 (9th Cir.1996); *see also Stout v. Prussel*, 691 F.2d 859, 861 (9th Cir.1982) (citing H.R.Rep. No. 95–595, at 364 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6320).[13]

Debtor argues that Beaupied's fees are dischargeable, because the fees do not represent a debt constituting support to a "spouse, former spouse, or child of the debtor." Additionally, Debtor, relying on *Crouch*, argues that because the court ordered payment is to a third party, it is dischargeable. Debtor's arguments also apply to the Health Professionals' fees.[14]

In *Crouch*, a county had brought a nondischargeability action against a debtor for costs incurred by the county when debtor's minor son was housed at the county's juvenile detention facility. *Crouch*, 199 B.R. at 691. The bankruptcy court held the debt nondischargeable, and we affirmed, stating:

> § 523(a)(5) plainly states that it applies to debts owed "to a spouse, former spouse, or child." The legislative history cited above supports the position that **only debts owed directly to a family member are excepted from discharge under § 523(a)(5).**

*Id.* at 692 (emphasis added). In reaching this holding, we were guided by our decision in *Eisen v. Linn (In re Linn)*, 38 B.R. 762, 763 (9th Cir.BAP 1984).

In *Linn*, debtor appealed a summary judgment order that declared nondischargeable his debt for the fees for a court appointed psychiatrist and guardian ad litem for his minor child in a custody dispute between debtor and his ex spouse. In reversing the bankruptcy court, we recognized the principle delineated by the Second Circuit that "dischargeability must be determined by the substance of the liability rather than its form." *Id.* (quoting *In re Spong*, 661 F.2d 6 (2d Cir.1981)). However, we noted that:

> In the present case, it was the debtor alone who was ordered to pay the attorney and the psychiatrist. **If these fees are not paid, the former wife and the child will not be liable.**
>
> Excluding these debts from discharge will not further the bankruptcy goal of a fresh start unburdened by the old debts. Nor will it protect spouses, former spouses and children from being injured by a debtor's discharge.
>
> . . . .
>
> **Because there is no specific exception to discharge that covers the instant debts** and no legislative history or purpose that supports extending the present exceptions, the debts are dischargeable.

*Id.* (citations omitted) (emphasis added).

■ We recognize that the majority of courts[15] examining this issue have held that fees incurred by a guardian ad litem are

---

**13.** "In the context of § 523(a)(5) 'substance prevails over form.'" *Dressler v. Dressler (In re Dressler)*, 194 B.R. 290, 295 (Bankr.D.R.I.1996) (quoting *Warren v. Warren (In re Warren)*, 160 B.R. 395, 398 (Bankr.D.Me.1993)).

**14.** In her opening brief, Debtor spends significant time arguing that the Health Professionals' fees are dischargeable under § 523(a)(15). She contends that § 523(a)(15)'s subsections clearly weigh in her favor and required the bankruptcy court to find the Health Professionals' fees dischargeable. Additionally, she asserts that because she is in a chapter 13, § 523(a)(15) is not available to Ting. *See* 11 U.S.C. § 1328(a)(2) (1994). Debtor's argument completely ignores the bankruptcy court's holding that the Health Professionals' fees were nondischargeable under § 523(a)(5), not § 523(a)(15). Therefore, almost all of Debtor's argument in her opening brief concerning the dischargeability of the Health Professionals' fees is irrelevant and will not be addressed. Only her argument that the Health Professionals' fees are dischargeable under § 523(a)(5) is addressed in this opinion.

**15.** *See, e.g., Miller v. Gentry (In re Miller)*, 55 F.3d 1487, 1490 (10th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 305, 133 L.Ed.2d 210 (1995); *Jones v. Jones (In re Jones)*, 9 F.3d 878, 881–82 (10th Cir.1993); *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940, 941 (5th Cir.1993); *Peters v. Hennenhoeffer (In re Peters)*, 133 B.R. 291, 296–97 (S.D.N.Y.1991), *aff'd*, 964 F.2d 166, 167 (2d Cir. 1992) (affirming substantially for the reasons set forth in the district court's opinion); *Pleban v. O'Toole (In re O'Toole)*, 194 B.R. 629, 630 (Bankr.E.D.Mo.1996); *Walker v. Laing (In re Laing)*, 187 B.R. 531, 532–33 (Bankr.W.D.Va.1995); *Spear v. Constantine (In re Constantine)*, 183 B.R. 335, 337 (Bankr.D.Mass.1995); *Baillargeon v. Stacey (In re Stacey)*, 164 B.R. 210, 212 (Bankr. D.N.H.1994); *Heintz v. Tremblay (In re Tremblay)*, 162 B.R. 60, 62 (Bankr.D.Me.1993); *Jenkins v. Glynn (In re Glynn)*, 138 B.R. 360, 362 (Bankr.D.Conn.1992); *Lawson v. Lever (In re Lever)*, 174 B.R. 936, 942 (Bankr.N.D.Ohio 1991); *Holtz v. Poe (In re Poe)*, 118 B.R. 809, 812 (Bankr.N.D.Okla.1990); *Hack v. Laney (In re Laney)*, 53 B.R. 231, 233–34 (Bankr.N.D.Tex.1985).

nondischargeable as support for the child under § 523(a)(5);[16] however, we are bound by the precedent in this circuit including prior decisions of the Panel. *See California v. Rowley*, 208 B.R. 942, 944 (9th Cir.BAP 1997). Following *Crouch*, Beaupied's and the Health Professionals' fees are dischargeable, because they do not constitute payments to a "spouse, former spouse, or child."

Additionally, the Judgment specifically apportions Ting's and Debtor's liability for Beaupied's and the Health Professionals' fees. Nothing in the record indicates that Ting is liable for any debt for the fees of Beaupied or the Health Professionals that is discharged in Debtor's chapter 13.[17] The facts presented here are almost identical to those in *Linn*. Excluding Beaupied's and the Health Professionals' debts from discharge will not harm or hinder Ting or Child in any way. Therefore, equity does not entice us to fashion relief inconsistent with the language of § 523(a)(5) or tamper with the primary goal of giving Debtor a fresh start from old debts. *See, e.g., Wright v. Union Central Life Ins. Co.*, 304 U.S. 502, 504, 58 S.Ct. 1025, 1027–28, 82 L.Ed. 1490 (1938).

## V. CONCLUSION

The Judgment is entitled to full faith and credit. Therefore, Debtor's arguments attacking the validity of the Judgment are not properly before us. Further, the bankruptcy court erred in holding that Beaupied's and the Health Professionals' fees constituted a debt "to a spouse, former spouse or child" of Debtor under § 523(a)(5). The debts are properly dischargeable. Because the debts are dischargeable, they are not entitled to priority under § 507(a)(7). Accordingly, we **REVERSE** and **REMAND** the bankruptcy court judgment.

---

**16.** However, a small minority of courts have held that any fees owed by a debtor to a guardian ad litem are dischargeable, because the fees are not a debt resulting from "support" or "maintenance" for the child. *See, e.g., Daulton v. Daulton (In re Daulton)*, 139 B.R. 708, 711 (Bankr. C.D.Ill.1992); *Weed v. Lanza (In re Lanza)*, 100 B.R. 100, 101 (Bankr.M.D.Fla.1989).

**17.** In fact, the record suggests that Ting may be entitled to seek reimbursement for the amounts he overpaid the Health Professionals.